**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Corey Lee Fitzgerald, et al., ) | No. CV 08-15-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Infinia Healthcare, Inc., et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

Plaintiffs Corey Lee Fitzgerald, Sharon K. Fitzgerald, Fred Walker, and Linda Walker filed this lawsuit in state court claiming employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Arizona Civil Rights Act ("ACRA"), A.R.S. § 41-1461 et seq. Defendants Infinia Healthcare, Inc. and Scott W. Robertson properly removed the case to federal court on January 3, 2008, and now move to dismiss. Plaintiffs have failed to respond, and the deadline for filing a response has long passed. For the following reasons, the Court will grant Defendants' motion.

First, Local Rule of Civil Procedure 7.2(i) provides that if an "unrepresented party or counsel does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the issue summarily." LRCiv. 7.2(i). Ignorance of this rule is no excuse: "pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

1  Accordingly, the Court deems Plaintiffs' failure to respond a consent to the granting of the
2  motion.

3  Second, a complaint that fails "to state a claim upon which relief can be granted" must
4  be dismissed. Fed. R. Civ. P. 12(b)(6). Although "detailed factual allegations" are not
5  necessary to meet this pleading requirement, the plaintiff must, at a minimum, set forth
6  factual allegations sufficient "to raise a right to relief above the speculative level." *Bell*
7  *Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Here, the Complaint does not
8  contain *any* factual allegations pertaining to Plaintiffs Fred and Linda Walker. Therefore,
9  the Court will dismiss these Plaintiffs from this suit.

10  Third, Title VII and the ACRA apply only to employers who have at least fifteen
11  employees. 42 U.S.C. § 2000e; A.R.S. § 41-1461(4). Neither statute provides for liability
12  against individual employees. *Barkclay v. Wal-Mart Stores, Inc.*, 2007 WL 4410257, at *3
13  (D. Ariz. Dec. 13, 2007). Thus, Plaintiffs are barred from asserting Title VII and ACRA
14  claims against Defendant Robertson. The Court therefore will dismiss Defendant Robertson
15  from this suit.

16  Fourth, before bringing suit under Title VII or the ACRA, a claimant must exhaust
17  certain administrative remedies, which include filing a charge of discrimination with the
18  appropriate state or federal agency. *See, e.g.*, *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d
19  621, 626 (9th Cir. 1988) (Title VII cases); *Madden-Tyler v. Maricopa County*, 943 P.2d 822,
20  829-30 (Ariz. 1997) (ACRA cases). As a general rule, "Title VII claimants may sue only
21  those [parties] named in the [charge of discrimination] because only they had an opportunity
22  to respond to charges during the administrative proceeding."[1] *Sosa v. Hiraoka*, 920 F.2d
23  1451, 1458 (9th Cir. 1990). Plaintiffs did not name Defendant Infinia Healthcare, Inc. in
24  their charge of discrimination, nor have they alleged any facts that would permit them to

25

---

26  [1] This statement also holds true for ACRA claims. *See, e.g.*, *Timmons v. City of*
27  *Tucson*, 830 P.2d 871, 875 (Ariz. Ct. App. 1991) ("The state statutes are modeled after the
    federal employment discrimination laws, Title VII of the Civil Rights Act of 1964, 42 U.S.C.
28  § 2000e. As a result, Title VII case law is persuasive in interpreting the [ACRA].").

1 proceed against this Defendant under some exception to the general rule. The Court
2 therefore will dismiss Defendant Infinia Healthcare, Inc. from this suit.
3      Pursuant to the foregoing,
4      **IT IS ORDERED** that Defendant Infinia Healthcare, Inc.'s and Scott W. Robertson's
5 Motion to Dismiss (Doc. # 17) is **GRANTED**.
6      DATED this 21st day of April, 2008.

                              _____
                                    James A. Teilborg
                                 United States District Judge